**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**MCMANIMON, SCOTLAND & BAUMANN, LLC**
427 Riverview Plaza
Trenton, New Jersey 08611
(973) 323-8667
Andrea Dobin (adobin@msbnj.com)
*Attorneys for Thomas J. Orr, Chapter 7 Trustee*

---

In re:

MAGIER, Slawomir and Anna,

                                  Debtors.

Case No. 26-12602(EJO)

Chapter 7

Honorable Eamonn J. O'Hagan, U.S.B.J.

Order Filed on July 29, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**CONSENT ORDER MEMORIALIZING CONSENT TO SALE OF OVER-ENCUMBERED PROPERTY**

The relief set forth on the following pages, numbered two (2) through three (3), is hereby

**ORDERED.**

**DATED: July 29, 2026**

_____
Honorable Eamonn J. O'Hagan
United States Bankruptcy Judge

Page 2 of 3
Debtor:              Magier, Slawomir and Anna
Case No.             26-12602(EJO)
Caption of Order:    Consent Order Memorializing Consent to Sale of Over-encumbered Property

**THIS MATTER,** having been presented to the Court by Thomas J. Orr, the Chapter 7 Trustee (the "**Trustee**") for Slawomir and Anna Magier, the Chapter 7 debtors ("**Debtors**"), by and through his counsel, McManimon, Scotland & Baumann, LLC, upon the filing of an Application for the entry of a Consent Order Memorializing Consent to Sale of Over-Encumbered Property; and the Trustee, the New Jersey Division of Taxation ("**Taxation**") and the Internal Revenue Service (the "**IRS**")(collectively Taxation and the IRS will be referred to herein as the "**Taxing Authorities**"), having reached an agreement pursuant to which the Taxing Authorities will consent to the sale of the real property located at 1005 Green Street, Iselin, New Jersey (the "**Property**") that is subject to liens in favor of the Taxing Authorities that exceed its expected value on the terms set forth herein, as appears from the signatures affixed hereto, and providing related relief with respect to the Property;

**IT IS HEREBY ORDERED AS FOLLOWS**:

1.     Although the aggregate liens held by the Taxing Authorities on the Property exceeds the Property's value, the Taxing Authorities consent to the Trustee's sale of the Property on the terms set forth herein pursuant to 11 U.S.C. §363(f)(2).

2.     As soon as practicable following sale of the Property, the Trustee will segregate a sum equal to fifty percent (50%) of the net proceeds of sale of the Property (the "**Set Aside**") with the understanding that this sum will be distributed between Taxation and the IRS on account of their secured claims on the Property at their joint directive.  The net proceeds of sale, as used in this paragraph means the contract sale price for the Property, less (i) any liens senior to the liens of the Taxing Authorities, e.g., mortgage(s), unpaid real estate taxes, etc.; (ii) a commission to the real estate agent(s) of no more than five percent (5%); (iii) usual and standard closing costs and adjustments; and (iv) any other credit or adjustment authorized by the Bankruptcy Court.

4935-9151-0442, v. 1

Page 3 of 3
Debtor:            Magier, Slawomir and Anna
Case No.          26-12602(EJO)
Caption of Order:  Consent Order Memorializing Consent to Sale of Over-encumbered Property

3.      The Trustee will add to the Set Aside the sum of $10,600 (or such other dollar figure as claimed by the Debtors as an exemption in the Property by later amendment to Schedule "C") from the proceeds of sale of the Property received by the Estate on account of the Debtors' claimed exemption in the Property as such exemption amount is subject to the liens of the Taxing Authorities pursuant to 11 U.S.C. §522(c).

4.      The Taxing Authorities will determine between the two of them the proper allocation of the Set Aside and will provide the Trustee with a joint directive as to the issuance of payments to Taxation and the IRS.

5.      After applying credit for the portion of the Set Aside that each of the Taxing Authorities received, the unpaid balance of the Taxing Authorities' secured claim (less penalties that are subordinated by virtue of 11 U.S.C. §726(a)(4)) will be deemed allowed priority claims as if filed with a priority of §507(a)(8).

*The undersigned hereby consent to
the form and entry of the within Order:*

| *As to the Trustee:* | *As to the Internal Revenue Service:* | *As to the New Jersey Division of Taxation:* |
|---|---|---|
| **MCMANIMON SCOTLAND & BAUMANN, LLC** *Counsel to Thomas J. Orr, Chapter 7 Trustee* | **U.S. ATTORNEY'S OFFICE** *Counsel to Internal Revenue Service* | **NEW JERSEY ATTORNEY GENERAL** *Counsel to New Jersey Division of Taxation* |
| By: __*/s/ Andrea Dobin*_____  ANDREA DOBIN | By:___*/s/ Nicholas Engel*___ | By;*/s/ Valerie A. Hamilton*___ |
| Dated: 7/21/26 | Dated: 7/21/26 | Dated: 7/21/26 |

3

4935-9151-0442, v. 1